# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHANNON R. WOODWARD | : | Case Number 2:14-cv-05784-ADS-GRB |
| Plaintiff | : | |
| | : | |
| vs. | : | AMENDED CIVIL COMPLAINT |
| | : | |
| NATIONAL RECOVERY | : | |
| SOLUTIONS, LLC | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Shannon Robinett Woodward, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Shannon Robinett Woodward, (hereinafter "Plaintiff"), is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as relief against Invasion of Privacy by Intrusion upon Seclusion.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III. PARTIES

4. Plaintiff, Shannon Robinett Woodward, (hereafter, Plaintiff) is an adult natural person residing at 333 Branding Iron Trail, Fort Worth, Texas 76131. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, National Recovery Solutions, LLC (hereafter, Defendant) at all times relevant hereto, is and was a limited liability company, engaged in the business of collecting debt within but not limited to the States of New York and Texas, with a principal place of business located at 6425 Dysinger Rd, Lockport, NY 14094.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about August 28, 2014, Defendant placed a call to Plaintiff's current husband's personal cell phone looking for the whereabouts of "Shannon Larue", Plaintiff's first married name.

8. Defendant stated that they were looking to collect on an alleged outstanding debt said to be owed by the Plaintiff on a past due Chase account.

9. Plaintiff called Defendant back and informed them that the debt they were attempting to collect upon was the responsibility of her ex-husband, whom she divorced in 2010.

10. Plaintiff further stated that her ex-husband had assumed responsibility for any remaining debt left from their marriage and that she could provide the divorce decree to prove that she was not responsible.

11. Defendant's agent told the Plaintiff that none of that mattered as the account was held jointly and she was going to have to pay.

12. During this same call, the Defendant informed the Plaintiff that they had already been in touch with her ex-husband and were aware that he was unemployed, had poor credit and no money to pay on this account.

13. Defendant further stated that it was worthless for them to try and go after Plaintiff's first husband for payment and warned her that she was going to have to take responsibility for paying off the debt.

14. Without disclosing how he would know, Defendant's agent went on to say that the Defendant was well aware that the Plaintiff paid her bills on time.

15. Defendant is attempting to collect a balance of approximately $30,000.00.

16. On or about September 15, 2014, Plaintiff received a call from a male agent of the Defendant who threatened that if the Plaintiff failed to make a payment of $5,000 immediately toward the balance referenced above, that she would be sued on Monday, September 22, 2014.

17. Upon knowledge and belief no payment has been made on this alleged account since 2009 it is past the statute of limitations in the State of Texas.

18. To date, Defendant has failed to send the Plaintiff anything in writing in regards to this debt, specifically, a thirty (30) day validation notice.

19. Plaintiff has at no time been informed of her rights to dispute this alleged debt.

20. As of the filing of this complaint, the Plaintiff has not been sued by the Defendant despite not making the immediate $5,000 payment that they demanded.

21. Plaintiff continues to receive constant calls and contact looking for payment to be set up.

22. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| §§1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |

§§ 1692e(5):   Threaten to take any action that cannot legally be taken or that is not intended to be taken

§§ 1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f:      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§ 1692g:      Failure to send 30 day validation notice within 5 days of the initial communication

§§ 1692g(a)(3): Must state the right to dispute the debt within 30 days

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Debt Recovery Solutions, LLC, for the following:

a.  Actual damages;

d.  Statutory damages pursuant to 15 U.S.C. §1692k;

c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## **COUNT II**

## **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

30.  The above paragraphs are hereby incorporated herein by reference.

31. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32. Texas recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated Texas state law.

33. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiffs with frequent telephone calls, abusing Plaintiff.

34. The telephone calls made by Defendant to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

35. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

37. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit;

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: November 25, 2014    BY:   *Brent F. Vullings, Esquire*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060
610-489-1997 fax
bvullings@vullingslaw.com
Attorney for the Plaintiff